ALFRED SPALDING'S EXR. v. GEORGE C. HAGER.

[Abstract Kentucky Law Reporter, Vol. 7—164.]

**Lien for Money Loaned.**
> There is no natural lien for money loaned and liens to secure loans are secured only by agreement to that effect of the borrower.

APPEAL FROM GREENUP CIRCUIT COURT.

May 5, 1885.

OPINION BY JUDGE PRYOR:

The fact that the money borrowed from Spalding by Hager was applied in part of Hager's liability as guardian of Huston did not give to Spalding a lien on the land mortgaged by Hager to Huston

to secure the latter in Hager's liability to him as guardian. Nor did the assignment of the mortgage by Huston to Spalding give to the latter a lien, because it was not made by the consent or agreement of Hager, and was executed after the money was borrowed, and when Huston had been satisfied, except to a small amount that was afterwards paid. Hager borrowed the money on the 17th of March, 1876, and the assignment was not made until the 28th of March. Nor is it by any means certain that the $200 borrowed was paid on the mortgage, but on the contrary the proof conduces to show that the mortgage was paid off except $46 before the money was even loaned by Spalding to Hager. The answer presented a defense to the action. There is a denial that the money was paid on the mortgage and particularly a denial that the assignment was made by Hager's consent.

Spalding had no right after loaning Hager the money to retain his lien in this way without some agreement to that effect with Hager. He might have purchased the claim of Huston or if he paid the money to him taking an assignment with the consent of Hager that it would have been sufficient, but there is no such case presented by the record.

Judgment *affirmed.*

*E. F. Dulin,* for appellant.

*T. H. Paynter,* for appellee.